MOTHER LODE COALITION MINES COMPANY, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98500.   Promulgated August 20, 1940.

*Paul E. Shorb, Esq.*, for the petitioner.
*Conway N. Kitchen, Esq.*, for the respondent.

598

OPINION.

MURDOCK: The petitioner makes three arguments to support its claim for a percentage depletion deduction for 1935. One is that its election made on its 1933 return under the Revenue Act of 1932 was a continuing valid election to claim percentage depletion under section 114 (b) (4) of the Revenue Act of 1934. Another is that its amended return for 1934 was timely filed and constituted the "first return" under the Revenue Act of 1934, so that the election made therein to take percentage depletion for 1934 and subsequent years was an effective election under section 114 (b) (4) of the Revenue Act of 1934. The other argument is that the 1935 return was the "first return" within the meaning of section 114 (b) (4), since no depletion deduction upon a percentage basis was allowable for 1934.

The Board has held that the 1934 Act, in section 114 (b) (4)[1], required a new election by taxpayers as to whether or not they desired percentage depletion for 1934 and subsequent years. *Dorothy Glenn Coal Mining Co.*, 38 B. T. A. 1154; *C. H. Mead Coal Co.*, 38 B. T. A. 1163; reversed on other grounds, 106 Fed. (2d) 388. Thus the election made by this taxpayer in its return for 1933 does not constitute the election required by the Revenue Act of 1934.

The Supreme Court has held, in *Haggar Co.* v. *Helvering*, 308 U. S. 389, that the term "first return," as used in section 215 (f) of the National Industrial Recovery Act, "means a return for the first year in which the taxpayer exercises the privilege of fixing its capital stock value for tax purposes, and includes a timely amended return for that year." The timely amended return in that case was filed within the time fixed by statute (and an extension thereof) for filing the return. The Court was not influenced by a later regulation providing that the value declared in the original return could not be changed by an amended return filed within the statutory limits. There is a reference in the opinion to *Mead Coal Co.* v. *Commissioner*, 106 Fed. (2d) 388, wherein the Circuit Court of Appeals for the Fourth Circuit held that an amended return for 1934, electing percentage depletion and filed before the return for 1935 was due, was sufficient to support a deduction of percentage depletion for 1934. See also *Del Mar Addition* v. *Commissioner*, 113 Fed. (2d) 410. The Board, in *William B. Scaife & Sons Co.*, 41 B. T. A. 278, interpreted the *Haggar* decision as recognizing only an amended return filed within the time for filing the return for the period and held that one filed thereafter was ineffective. The Circuit Court of Appeals for the Ninth Circuit, in *Riley Investment Co.* v. *Commissioner*, 110 Fed. (2d) 655, made a similar interpretation of the *Haggar* decision and expressed disapproval of the test of timeliness given in the *Mead* case. The petitioner in the *Riley* case was engaged in mining gold. It had exhausted its cost basis for depletion and claimed no deduction for depletion on its return for 1934. It filed an amended return on March 3, 1936, electing and claiming percentage depletion. The court held that the amended return was

---

[1] SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION.

    *         *         *         *         *         *         *

  (b) BASIS FOR DEPLETION.—

  (4) * * * A taxpayer making his first return under this title in respect of a property shall state whether he elects to have the depletion allowance for such property for the taxable year for which the return is made computed with or without regard to percentage depletion, and the depletion allowance in respect of such property for such year shall be computed according to the election thus made. If the taxpayer fails to make such statement in the return, the depletion allowance for such property for such year shall be computed without reference to percentage depletion. The method, determined as above, of computing the depletion allowance shall be applied in the case of the property for all taxable years in which it is in the hands of such taxpayer, or of any other person if the basis of the property (for determining gain) in his hands is, under section 113, determined by reference to the basis in the hands of such taxpayer, either directly or through one or more substituted bases, as defined in that section.

not timely and did not entitle the taxpayer to percentage depletion. The opinion contains a discussion of several of the points urged by the present petitioner. The Board held in *Walter C. Hill*, 41 B. T. A. 245, that an amended return, filed after the return for the next year was due, was ineffective for making an election of percentage depletion under section 114 (b) (4).

The amended return of the present petitioner for 1934 was filed on May 29, 1939, more than four years after the time for filing the return for 1934, more than four months after it learned that its percentage depletion for 1935 might be disallowed, more than three months after the deficiency notice for 1935 was mailed, and after the petition in this case was filed. It was not timely filed and was not the first return for 1934 within the meaning of section 114 (b) (4). *Riley Investment Co.* v. *Commissioner, supra; Walter C. Hill, supra.* Cf. *William B. Scaife & Sons Co., supra.* The conclusion is also supported by *Mead Coal Co.* v. *Commissioner, supra.*

The remaining argument of the petitioner is that its return for 1935 was its "first return" within the meaning of section 114 (b) (4) of the Revenue Act of 1934, since it was the first return under that provision in which it was entitled to any deduction for percentage depletion. This argument is based upon the conclusion that no deduction for percentage depletion was allowable for 1934. The petitioner merely points to the net loss for 1934. The net loss shows that a deduction for percentage depletion in 1934 would not have reduced taxes for 1934 but it does not show that such a deduction was not allowable under the statute.

Section 114 (b) (4) allowed a deduction of 15 per centum "of the gross income from the property during the taxable year" but not to "exceed 50 per centum of the net income * * * from the property" excluding depletion. The terms "gross income from the property" and "net income from the property" are not necessarily synonymous with the terms "Gross Income" and "Net Income" appearing on the return. Cf. *Consumers Natural Gas Co.*, 30 B. T. A. 1263; affd., 78 Fed. (2d) 161; certiorari denied, 296 U. S. 634. See Regulations 86, article 23 (m)-1, defining gross and net income from the property. The record shows that the petitioner had gross income from the property which would support a deduction for percentage depletion and it fails to show that there was no net income from the property for 1934. Not all deductions shown upon a return are necessarily deductible in determining net income from the property, since only those are deductible which are attributable or properly allocable to the mineral property and process upon which the depletion is claimed. Regulations 86, art. 23 (m)-1. Cf. *Vinton Petroleum Co. of Texas*, 28 B. T. A. 549; affd., 71 Fed. (2d) 420; *Consumers Natural Gas Co., supra; Ambassador Petroleum Co.*, 28 B. T. A. 868; *Houston Production Co.* v. *United States*, 4 Fed. Supp.

715; *Brea Canon Oil Co.*, 29 B. T. A. 1134; affd., 77 Fed. (2d) 67; certiorari denied, 296 U. S. 604; *Greensboro Gas Co.*, 30 B. T. A. 1362; affd., 79 Fed. (2d) 701; certiorari denied, 296 U. S. 639.

The record does not show whether or not the petitioner had other properties in 1934, or what part of the taxes might be deductible in computing net income from the property upon which depletion is being claimed. The same is true of the item "N. Y. General Expense." "Selling Commission" and "Delivery Expense on Refined Copper" are not further explained. We may not assume, in the absence of proof, that those items are deductible in their entirety, or in any particular part, in the computation of "net income from the property." The same and more may be said in regard to the large item of "Shutdown Expense." The meager description given of that item strongly suggests that it is not all deductible in determining net income from the property for 1934. The copper sold in 1934 was mined previously. Should the entire shutdown expense be charged against 1934 sales? Did the petitioner refine its copper, and, if so, what allocation of income and deductions would that require.

The petitioner has failed to show that it would not have been entitled to any percentage depletion deduction for 1934 under section 114 (b) (4) and the main support of its third argument must fall. Furthermore, there is language in the *Dorothy Glenn Coal Mining Co.* case, *supra*, and in *Kehoe-Berge Coal Co.*, 41 B. T. A. 282, which may mean that the election must be made for 1934 and that no election made in a later return will do, where the property was owned in 1934 and an election could have been made upon the return for that year.

The legislative history of the provision and its effect upon taxpayers situated like the present one has been fully considered and discussed in prior opinions cited herein. Since this petitioner did not make the election required by section 114 (b) (4), it may not have any deduction for percentage depletion for 1935.

*Decision will be entered for the respondent.*